*Orin H. Coe et al.* v. *John F. Whitbeck.* O. MEADS, for appellant; J. L. WENDELL, for respondents. Decided that where a debt is due to a copartnership at the time of the bankruptcy of one of the individual members of the firm, an action *at law* to recover the debt must be brought in the joint names of the solvent copartners and the assignee of the bankrupt; as the legal title to the debt is vested in them jointly by operation of law. But that the solvent partners have the right to bring the action in the names of themselves and the assignees of the bankrupt, without the consent of such assignees, upon giving them an indemnity against costs.

*Assignee of a bankrupt, when a necessary party.*

That *in this court* the assignee of a bankrupt copartner is a necessary party to a suit brought to recover a debt due to the firm at the time of his bankruptcy; where such assignee takes a beneficial interest in the copartnership effects as a trustee for the separate creditors of the bankrupt. But that where the bankrupt is discharged from his debts and the copartnership is insolvent, so that the solvent partners must necessarily apply the whole of the copartnership effects to the payment of the debts of the firm, and make up the deficiency of those debts out of their individual property, and that fact is distinctly stated in the bill, the asssignee of the bankrupt partner need not be made a party to a suit in chancery to obtain payment of a debt due to the firm.

The chancellor observed that where a judgment is recovered in a justice's court, and the defendant has no real estate whatever, the filing of a transcript in the office of the county clerk, for the purpose of obtaining an execution against real

*Creditors bills upon justice's judgments.*

as well as personal estate might perhaps be considered as an useless expense. But he decided that to entitle the plaintiff in the judgment to file a creditor's bill, upon the return of an execution against the personal estate merely unsatisfied, there should at least be a distinct averment in the bill, that the de-defendant has no real estate which could have been reached and sold upon the execution if the judgment had been entered in the county clerk's office, and an execution issued thereon against both real and personal property.

When the plaintiff's remedy at law will be considered as not exhausted.

The bill in this case stated the recovery of a judgment in the supreme court for $83,12 against the defendants, and the return of an execution thereon unsatisfied; also, the recovery of a judgment before a justice for $33, five months after the return of such execution, and the issuing of an execution on the latter judgment, against the defendant's personal property merely, and that the same was returned unsatisfied. The chancellor held that the amount of the judgment in the supreme court was not sufficient to give the court of chancery jurisdiction, and that the complainants had not exhausted their remedy at law as to the justice's judgment; so as to authorize the filing of a creditor's bill; as the defendant might have acquired real estate sufficient to satisfy the justice's judgment after the return day of the execution issued ont of the supreme court.

Orders appealed from reversed. Motion to dissolve injunction granted, and the motion to appoint a receiver denied, with $10 costs; but without prejudice to complainants right to apply to renew injunction and appoint a receiver.